**UNITED STATES DISTRCT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| CHRISTOPHER LACCINOLE, on behalf of himself and all others similarly situated, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO: 3:26-cv-01661-K |
| LIFT LENDING, LLC, | § | |
| Defendant. | § | |

**DEFENDANT LIFT LENDING, LLC'S UNOPPOSED MOTION FOR 14-DAY EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Defendant Lift Lending, LLC ("Lift Lending") respectfully moves this Court for an unopposed 14-day extension of time to respond to the Complaint, stating as follows:

1. Plaintiff filed this class action Complaint on May 21, 2026, alleging violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA") (Dkt. 1.)

2. The docket reflects that the Summons and Complaint were served on Lift Lending's registered agent on May 27, 2026. (Dkt. 10.) As such, Lift Lending's response to the Complaint was due to be filed on June 17, 2026. *See* Fed.R.Civ.P. 12.

3. At the time that the summons and complaint were served on Lift Lending's registered agent, Lift Lending's representative that interacted with its registered agent was preparing to leave the country from May 30, 2026, through June 16, 2026 and overlooked notification that the lawsuit had been served. (*See* Declaration of Kassius Santos ("Santos Decl."), ¶ 3, attached as "Exhibit 1").

4. On the afternoon of June 22, 2026, Plaintiff's counsel reached out to Burr & Forman LLP ("Burr & Forman") about this case because Burr & Forman had previously represented Lift Lending in other litigation. Burr & Forman's counsel then forwarded the Complaint to an outside counsel for Lift Lending, who forwarded it to Lift Lending. Lift Lending was not aware of the lawsuit until the notification from its outside counsel, and retained Burr & Forman to represent it in this case on the afternoon of June 23, 2026. (Santos Decl. ¶¶ 4, 5.)

5. Upon being retained, counsel for Burr & Forman immediately reached out to Plaintiff's counsel by email, requesting a time to discuss the case and to determine whether Plaintiff's counsel would agree to an extension of time to respond to the Complaint. Plaintiff's counsel advised he was available for a call on June 24, 2026, and agreed to an extension of time to respond to the Complaint through July 1, 2026.

6. Counsel for Burr & Forman then reached out to the law firm of Kessler & Collins PC about assisting in the defense of this case in order to comply with LR 83.10, and was able to confer with both Plaintiff's counsel and counsel at Kessler & Collins PC on June 24, 2026. Kessler & Collins, PC was engaged to assist in the defense of the case that day. This motion was filed one day later.

7. Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that when an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after time has expired if the party failed act because of excusable neglect. Fed.R.Civ.P. 6(b)(1)(B). This Court has previously stated that:

> "[Rule 6(b)(1)(B)'s] requirements are quite flexible, and the district judge

> enjoys broad discretion to grant or deny an extension[.]" "Excusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time." Excusable neglect encompasses "late filings [that] were due to mistake, inadvertence or carelessness and not to bad faith[.]" Other factors that courts have considered in assessing whether to grant relief under the predecessor of Rule 6(b)(1)(B) is the length of the applicant's delay and the prejudice to other parties.

*Mattress Giant Cor. V. Motor Advertising & Design, Inc.*, No. 3:07-cv-1728-D, 2008 WL 8872, at *2 (N.D. Tex. March 31, 2008) (internal citations and quotations omitted).

8. Lift Lending respectfully contends that its failure to respond to the Complaint was not the result of bad faith but rather a mistake, and it meant no disrespect to this Court or the judicial process. (Santos Decl. ¶ 6.)

9. Within one day of discovering the mistake, Lift Lending retained counsel, and this motion was filed within two days of counsel being retained—eight days after a response to the Complaint was originally due.

10. Lift Lending seeks a limited, 14-day extension of the original deadline to respond to the Complaint—which is eight days after counsel was retained—so that Lift Lending can investigate Plaintiff's class action allegations and prepare an appropriate response.

11. No party will be prejudiced by this Court granting this Motion. Indeed, Plaintiff does not oppose the Motion.

12. For the reasons stated above, Lift Lending respectfully requests that this Court extend its deadline to respond to the Complaint through July 1, 2026.

WHEREFORE, for the reasons stated above, Defendant Lift Lending, LLC respectfully requests that this Court extend its deadline to respond to the Complaint through July 1, 2026.

**Certificate of Conference**

I do hereby certify that I have conferred with opposing counsel regarding the relief requested in this Motion and Plaintiff does not oppose the Court granting the Motion.

By: */s/ Joshua H. Threadcraft*
JOSHUA H. THREADCRAFT
Texas Bar No. 2414756

Dated: June 25, 2026

Respectfully Submitted,

**KESSLER & COLLINS PC**

By: */s/ Gary S. Kessler*
GARY S. KESSLER
State Bar No. 11358200
gkessler@kesslercollins.com
500 North Akard Street, Suite 3700
Dallas, Texas 75201
214.379.0722 Telephone
214-373-714 Facsimile

**BURR & FORMAN LLP**

By: */s/ Joshua H. Threadcraft*
JOSHUA H. THREADCRAFT
Texas Bar No. 2414756
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile: 205-413-8701
E-mail: JThreadcraft@burr.com

*Attorneys for Defendant Lift Lending, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 25th day of June, 2026, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using the cm/ecf system which will provide electronic notice of the filing to all counsel of record.

**BURR & FORMAN LLP**

By: */s/ Joshua H. Threadcraft*

JOSHUA H. THREADCRAFT
Texas Bar No. 2414756
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile: 205-413-8701
E-mail: JThreadcraft@burr.com