**UNITED STATES DISTRCT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| CHRISTOPHER LACCINOLE, on behalf of himself and all others similarly situated, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO: 3:26-cv-01661-K |
| LIFT LENDING, LLC, | § | |
| Defendant. | § | |

**DEFENDANT LIFT LENDING, LLC'S ANSWER TO COMPLAINT WITHOUT WAIVER OF THE RIGHT TO COMPEL ARBITRATION**

Defendant Lift Lending, LLC ("Lift Lending") answers Plaintiff Christopher Laccinole's Complaint, without waiving the right to compel arbitration of Plaintiff's claims, stating as follows:

## INTRODUCTION

1. Defendant admits that Plaintiff purports to bring claims for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et sec*. (FCRA"). Defendant denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inaction of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2. They are, therefore, denied and Defendant

demands strict proof thereof.

3. Defendant believes that the allegations in Paragraph 3 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that it is a limited liability company, and that it has obtained information from consumer reporting agencies ("CRAs"). To the extent that the allegations in Paragraph 3 are intended to stand for additional or alternative propositions, they are denied, Defendant demands strict proof thereof.

4. Defendant believes that the allegations in Paragraph 4 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inaction of Defendant and that Plaintiff or any punitive class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

5. Defendant believes that the allegations in Paragraph 5 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inaction of Defendant and that Plaintiff or any punitive class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

6. Defendant denies the allegations in Paragraph 6 and demands strict proof

thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inaction of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

7. Defendant believes that the allegations in Paragraph 7 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inaction of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

## PARTIES, JURISDICTION, AND VENUE

8. Defendant admits that Plaintiff purports to bring this lawsuit as a class action. Defendant denies that it committed any wrongdoing, that Plaintiff or any punitive class member experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof. Defendant further denies that Plaintiff can prosecute this lawsuit as a class action and demands strict proof thereof.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9. They are, therefore, denied and this Defendant

demands strict proof thereof.

10. Defendant admits that it is a limited liability company and that its principal place of business is located at 8615 Freeport Parkway, Suite 250, Irving, Texas 75063-1917. Defendant also admits that it conducts business activities in the state of Texas. To the extent that the allegations in Paragraph 10 are intended to stand for additional or alternative propositions, they are denied, and this Defendant demand strict proof thereof.

11. Defendant believes that the allegations in Paragraph 11 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that its registered agent for service of process is Northwest Registered Agent, LLC, 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

12. Defendant believes that the allegations in Paragraph 12 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant does not dispute that this Court has federal question subject matter jurisdiction over Plaintiff's claims. To the extent that the allegations in Paragraph 12 are intended to stand for additional or alternative propositions, they are denied, and Defendant demands strict proof thereof.

13. Defendant believes that the allegations in Paragraph 13 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations. They are, therefore, denied, and Defendant demands strict proof thereof.

14. Defendant believes that the allegations in Paragraph 14 call for a legal

conclusion to which no response is required. To the extent that a response is required, Defendant states that it is unclear what Plaintiff means by use of the phrase "subject to the jurisdiction of this Court," as used in Paragraph 14. As such, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations. They are, therefore, denied, and Defendant demands strict proof thereof.

## FACTUAL ALLEGATIONS

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15. They are, therefore, denied, and Defendant demands strict proof thereof.

16. Defendant believes that the allegations relating to the Fair Credit Reporting Act call for a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied and Defendant demands strict proof thereof. With respect to the remaining allegations in Paragraph 16, Defendant admits that it obtained information relating to Plaintiff as provided for under the FCRA and denies any inconsistent or alternative allegation and denies the remaining allegations, demanding strict proof thereof.

17. Defendant denies the allegations in Paragraph 17 and demands strict proof thereof.

18. Defendant denies that it committed any wrongdoing and demands strict proof thereof. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 relating to Plaintiff's allegation regarding when he wrote to Defendant. As such, they are denied and Defendant demands strict proof thereof.

Defendant is continuing to investigate the remaining allegation relating to the letter and, as a result, denies those allegations. Defendant denies the remaining allegations in Paragraph 18 and demands strict proof thereof.

19. Defendant believes that the allegations in Paragraph 19 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inactions of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

20. Defendant believes that the allegations in Paragraph 20 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inactions of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

21. Defendant is continuing to investigate Plaintiff's allegations regarding the letter referenced in Paragraph 21 and, as a result, denies the allegations and demands strict proof thereof.

## CLASS ALLEGATIONS

22. Defendant admits that Plaintiff purports to bring this action individually and

on behalf of a putative class. Defendant denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inactions of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof. Defendant further denies that Plaintiff can maintain this case individually or on behalf of a putative class and demands strict proof thereof.

23. Defendant admits that Plaintiff purports to exclude certain individuals from the definitions of the putative classes, and that exclusion speaks for itself. Defendant denies the remaining allegations in Paragraph 23 and demands strict proof thereof.

24. Defendant denies the allegations in Paragraph 24 and demands strict proof thereof.

25. Defendant believes that the allegations in Paragraph 25 call for a legal conclusion to which no response is require. To the extent that a response is required, Defendant denies the allegations, including subparts A. through C., and demands strict proof thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inactions of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

26. Defendant believes that the allegations in Paragraph 26 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof.

27. Defendant believes that the allegations in Paragraph 27 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof.

28. Defendant believes that the allegations in Paragraph 28 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations, including subparts A. through D., and demands strict proof thereof.

29. Defendant believes that the allegations in Paragraph 29 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inactions of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

30. Defendant believes that the allegations in Paragraph 30 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inactions of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

**COUNT ONE:**

**Defendant's Willful Violations of the FCRA**

31. Defendant restates each of the responses in the preceding paragraphs as if set forth herein.

32. Defendant believes that the allegations in Paragraph 32 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inactions of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

33. Defendant believes that the allegations in Paragraph 33 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inactions of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

34. Defendant believes that the allegations in Paragraph 34 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member

experienced any injury or damage as a result of any alleged action and/or inactions of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

35. Defendant believes that the allegations in Paragraph 35 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inactions of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

36. Defendant believes that the allegations in Paragraph 36 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inactions of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

## COUNT TWO:

### Defendant's Negligent Violations of the FCRA

37. Defendant restates each of the response in the preceding paragraphs as if set forth herein.

38. Defendant believes that the allegations in Paragraph 38 call for a legal

conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inactions of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

39. Defendant believes that the allegations in Paragraph 39 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inactions of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

40. Defendant believes that the allegations in Paragraph 40 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inactions of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

41. Defendant believes that the allegations in Paragraph 41 call for a legal conclusion to which no response is required. To the extent that a response is required,

Defendant denies the allegations and demands strict proof thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inactions of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

42. Defendant believes that the allegations in Paragraph 42 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inactions of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

43. With respect to the WHEREFORE paragraph immediately following Paragraph 42, Defendant denies that Plaintiff or any putative class member are entitled to the relief requested therein, including subparagraphs a. through e., and demands strict proof thereof. Defendant further denies that Plaintiff or any putative class member experienced any injury or damage as a result of any allegations action and/or inaction of Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Defendant and demands strict proof thereof.

44. Defendant admits that Plaintiff demands a trial by jury. Defendant denies that Plaintiff and the putative class members are entitled to a trial by jury to the extent that their claims are subject to binding arbitration and demand strict proof thereof.

45. Defendant denies every allegation in the Complaint not expressly admitted, and demands strict proof thereof.

46. The headings in the Complaint are restated herein for organizational purposes. To the extent that they are intended to constitute allegations, they are denied, and Defendant demands strict proof thereof.

## DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Some or all of the claims asserted are subject to binding arbitration and should be resolved in arbitration, not this Court.

### Third Defense

Plaintiff and the putative class members lack standing to prosecute this action because they did not experience the requisite injury-in-fact.

### Fourth Defense

At all times, Defendant acted in conformity and compliance with all statutes—including the FCRA, rules, guidelines and regulations governing the subject matter of this lawsuit, precluding a finding of liability for the claims asserted by Plaintiff and the putative class members.

### Fifth Defense

At all times, Defendant acted in good faith and without malice toward Plaintiff and any putative class member.

**Sixth Defense**

Plaintiff and any putative class member did not experience any actual damages and/or injury as a result of any alleged action and/or inaction of Defendant.

**Seventh Defense**

To the extent that Plaintiff or any putative class member experienced any injury or damage, which is denied, it was the result of an intervening and/or superseding cause for which this Defendant is not legally responsible.

**Eighth Defense**

To the extent that Plaintiff or any putative class member experienced any injury or damage, which is denied, it was the result of actions and/or inactions of individuals for which this Defendant is not legally responsible.

**Ninth Defense**

To the extent that a violation of the FCRA occurred, which is denied, Defendant established and implemented, with due care, reasonable practices and procedures to effectively prevent such violations.

**Tenth Defense**

Plaintiff and the putative class members failed to mitigate any damages they claim to have experienced.

**Eleventh Defense**

Some or all of the claims and causes of action asserted are barred by the doctrines of waiver, ratification and/or acquiescence.

**Twelfth Defense**

Some or all of the claims and causes of action asserted are barred because the relief requested is too speculative, remote and/or improper to prove and/or allocate.

**Thirteenth Defense**

Defendant did not willfully or knowing request information regarding Plaintiff or any putative class member from a CRA without a permissible purpose.

**Fourteenth Defense**

Plaintiff and the putative class members' claims and causes of action are bared to the extent that they provided consent, invitation or permission to the credit request placed at issue, including through someone acting on their behalf or the voluntary provision of information to Defendant or any third-party.

**Fifteenth Defense**

Some or all of the claims and causes of action asserted are barred by the Statute of Limitations.

**Sixteenth Defense**

Some or all of the claims and causes of action asserted are barred by the doctrine of laches.

**Seventeenth Defense**

Some or all of the claims and causes of action asserted are barred to the extent that Defendant's conduct was in accordance with, or at the instruction or direction of Plaintiff or any putative class member.

**Eighteenth Defense**

Some or all of the claims and causes of action asserted are barred to the extent that the activity placed at issue was in connection with a credit transaction involving Plaintiff or a putative class member, including extensions of credit and/or review of any account of a putative class member.

**Nineteenth Defense**

Some or all of the claims asserted are barred because Defendant had a permissible purpose to request the information.

**Twentieth Defense**

Some or all of the claims and causes of action are barred by the doctrine of recoupment.

**Twenty-First Defense**

Some or all of the claims and causes of action asserted are barred by the doctrine of set-off.

**Twenty-Second Defense**

Some or all of the claims and causes of action asserted are barred by the doctrine of settlement.

**Twenty-Third Defense**

Some or all of the claims and causes of action asserted are barred by the death.

**Twenty-Fourth Defense**

Defendant did not engage in any conduct, or act knowingly, willfully, recklessly, grossly negligently, wantonly or outrageously toward Plaintiff or any putative class

member.

**Twenty-Fifth Defense**

Some or all of the claims and causes of action asserted are barred by the doctrines of res judicata, estoppel, including judicial, collateral and equitable estoppel.

**Twenty-Sixth Defense**

Some or all of the claims and causes of action asserted are barred by the filing of prior bankruptcy proceedings, by the failure to list these claims as assets of their bankruptcy estate, by failing to contest their creditors' proofs of claim, and by the confirmation of their plans of reorganization, which serves as res judicata to the claims asserted in this case.

**Twenty-Seventh Defense**

The imposition of damages sought by Plaintiff on a class action basis would violate Defendant's constitutional rights due to process and equal protection of the law and constitute excessive fines.

**Twenty-Eighth Defense**

Some or all of the claims and causes of action are barred by the doctrine of unjust enrichment.

**Twenty-Ninth Defense**

Defendant adopts and asserts all defenses available under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

**Thirtieth Defense**

Plaintiff and the putative class members were not legally harmed by any alleged action and/or inaction of this Defendant.

**Thirty-First Defense**

The Complaint fails to satisfy the requirements for class action treatment as prescribed by Federal Rule of Civil Procedure 23 and applicable case law.

**Thirty-Second Defense**

This action cannot be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because (i) the questions of law and fact are not common to the class, and the legal and factual issues differ from class member to class member; (ii) the claims or defenses of the representative parties are not typical of the claims or defenses of the putative class; and (iii) Plaintiffs will not fairly and adequately protect the interests of the class.

**Thirty-Third Defense**

Defendant denies each and every material allegation of the Complaint as they relate to the request for class certification, and objects to any such class action certification on the following grounds:

a. The Complaint fails to adequately define any class of persons who could properly maintain this action as a class action;

b. The purported class representative has not sustained his burden of establishing standing;

c. Defendant's time-based defenses, such as statutes of limitations, mandate the denial of class certification;

d. Individualized determinations for each class member of controlling state substantive law and the applicability of different state substantive laws to claims by putative class members preclude class certification of a nationwide class;

e. The putative classes are not ascertainable;

f. A Rule 23(b)(3) class is inappropriate because individualized issues predominate over common questions and because of manageability and superiority issues;

g. Lack of commonality of questions of law;

h. Lack of commonality of questions of fact;

i. Lack of typicality;

j. Lack of adequacy of representation;

k. m. Lack of requirements for certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

l. Individual issues predominate over common issues;

m. A class action is not superior to other available methods for the fair and efficient adjudication of this controversy; and

n. There are difficulties that are likely to be encountered in the management of a class action.

**Thirty-Fourth Defense**

A class cannot be certified under the allegations of the Complaint because the class definition as pled create impermissible "fail safe" classes and are not ascertainable.

**Thirty-Fifth Defense**

The United States District Court for the Northern District of Texas lacks personal jurisdiction over putative class members.

**Thirty-Sixth Defense**

Some or all of the claims and causes of action asserted are barred by class action waiver agreements.

**Thirty-Seventh Defense**

Plaintiff is not an adequate or proper class representative.

**Thirty-Eighth Defense**

This action cannot be maintained as a class action to the extent that it deprives Defendants of its their due process rights to assert individualized defenses to claims of class members.

**Thirty-Ninth Defense**

Some or all of the claims and causes of action asserted are barred by Plaintiff and/or the putative class members' on actions and/or inactions.

**Fortieth Defense**

Some or all of the claims and causes of action asserted are barred by the doctrines of comparative negligence and/or fault, contributory negligence and/or similar defenses.

**Forty-First Defense**

Some or all of the claims and causes of action are barred by and/or subject to the terms of contracts and/or agreements with Defendant.

**Forty-Second Defense**

Defendant pleads and asserts all applicable constitutional, statutory and common law limitations on punitive damages. Plaintiff and the putative class members' claim for punitive damages are barred or limited by the provisions of 15 U.S.C. § 1681n. Defendant adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp.*,

*Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007); *Exxon Shipping Co. v. Baker*, 168 S. Ct. 265 (2008).

**Forty-Third Defense**

Plaintiff and the putative class members' claims are barred by any other matter constituting an avoidance or affirmative defense.

**RESERVATION OF RIGHTS**

Defendant reserves the right to supplement and/or amend this Answer at the completion of permissible factual discovery.

Dated: July 1, 2026

Respectfully Submitted,

**KESSLER & COLLINS PC**

By: */s/ Gary S. Kessler*
GARY S. KESSLER
State Bar No. 11358200
gkessler@kesslercollins.com
500 North Akard Street, Suite 3700
Dallas, Texas 75201
214.379.0722 Telephone
214-373-714 Facsimile

**BURR & FORMAN LLP**

By: */s/ Joshua H. Threadcraft*
JOSHUA H. THREADCRAFT
Texas Bar No. 2414756
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile: 205-413-8701
E-mail: JThreadcraft@burr.com

*Attorneys for Defendant Lift Lending, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 1st day of July, 2026, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using the cm/ecf system which will provide electronic notice of the filing to all counsel of record.

**BURR & FORMAN LLP**

By: */s/ Joshua H. Threadcraft*
JOSHUA H. THREADCRAFT
Texas Bar No. 2414756
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile: 205-413-8701
E-mail: JThreadcraft@burr.com